UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JACQUES JAAR, Individually and on behalf of all others similarly situated,<br><br>       Plaintiff,<br><br>-against-<br><br>NORTHERN GENESIS ACQUISITION CORP. et al.,<br><br>       Defendants. | Case No. 24-cv-02155 (JLR)<br><br>**MEMORANDUM<br>OPINION AND ORDER** |

JENNIFER L. ROCHON, United States District Judge:

    On March 22, 2024, Plaintiff Jacques Jaar commenced this action on behalf of himself and all others similarly situated ("Plaintiffs"), against Northern Genesis Acquisition Corp. ("NGA"), The Lion Electric Company ("Lion Electric"), and individual defendants Ian Robertson, Paul Dalglish, Michael Hoffman, Ken Manget, Brad Sparkes, Robert Schaefer, Marc Bedard, and Nicholas Brunet (together, the "Defendants") alleging violations of Sections 10(b), 14(a), and 20(a) of the Securities Exchange Act of 1934, 15 U.S.C. §§ 78j(b), 78n(a), 78t(a), as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u-4 *et seq*. *See* Dkt. 1 ("Compl.") ¶¶ 1, 110-131. Now before the Court is the unopposed motion by Alex Bouchard-A ("Movant") for appointment as lead plaintiff and approval of lead counsel. Dkt. 17. For the following reasons, Movant's motion is GRANTED.

                  **BACKGROUND**

    Defendant NGA is a special-purpose-acquisition corporation ("SPAC"), incorporated in Delaware, that went public and subsequently merged with Lion Electric, a Canadian electric-vehicle manufacturer. *See* Compl. ¶¶ 2, 39. Plaintiffs allege that the Defendants, in connection with this de-SPAC transaction, filed a joint proxy statement that contained

1

materially misleading information about, among other things, Lion Electric's financial state. *Id.* ¶¶ 7, 78-80. After the merger closed in May 2021, Lion Electric issued an annual report in March 2022 that allegedly revealed its supply-chain problems and poor financial prospects, causing its stock price to fall. *Id.* ¶¶ 85, 88-91, 98. Other news of problems at Lion Electric further hurt its stock price. *Id.* ¶¶ 103-106.

On June 10, 2024, Alex Bouchard-A moved for his appointment as lead plaintiff and for the selection of The Rosen Law Firm, P.A. as lead counsel. Dkt. 17. That same day, Jaar and movants Jean Luc Volodarsky and Ian K. Duffy also moved for their appointment as lead plaintiffs. Dkts. 16, 19; *see* Dkt. 22 (refiling of Jaar's motion). On June 20, 2024, Jaar, Volodarsky, and Duffy filed notices withdrawing their motions for appointment as lead plaintiff, reasoning that they did not possess the largest financial interest in the relief sought by the class. *See* Dkts. 25-26.

## DISCUSSION

### I. Lead Plaintiff

The PSLRA sets forth the process for the appointment of a lead plaintiff in class actions brought pursuant to the Securities Act. *See* 15 U.S.C. § 78u-4(a). The statute provides that, "[n]ot later than 20 days after the date on which the complaint is filed," the first plaintiffs to file a complaint must publish notice to the alleged class members advising them about "the pendency of the action; the claims asserted therein; and the purported class period;" as well as their right to seek to be appointed as lead plaintiff within sixty days of the publication of the notice. *Id.* § 78u-4(a)(3)(A)(i). Within 90 days after publication of notice, the Court "shall consider any motion made by a purported class member" and shall appoint as lead plaintiff the "member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interest of class members." *Id.* §

78u-4(a)(3)(B); *see Carpenter v. Oscar Health, Inc.*, 631 F. Supp. 3d 157, 160 (S.D.N.Y. 2022).

When making this determination, the PSLRA instructs the Court to "adopt a presumption that the most adequate plaintiff in any private action . . . is the person or group of persons that[: (1)] has either filed the complaint or made a motion in response to a notice . . . ; [(2)] in the determination of the court, has the largest financial interest in the relief sought by the class; and [(3)] otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa)-(cc). That presumption may be rebutted by proof that the "presumptively most adequate plaintiff . . . will not fairly and adequately protect the interests of the class . . . or . . . is subject to unique defenses that render such plaintiff incapable of adequately representing the class." *Id.* § 78u-4(a)(3)(B)(iii)(II). Notably, "[e]ven when a motion to appoint lead plaintiff is unopposed, the Court must still consider the factors under the PSLRA to ensure that the movant is the most adequate plaintiff." *Carpenter*, 631 F. Supp. 3d at 160 (quoting *City of Warren Police & Fire Ret. Sys. v. Foot Locker, Inc.*, 325 F. Supp. 3d 310, 314 (E.D.N.Y. 2018)). Because all movants agree that Movant is the presumptively adequate lead plaintiff here, the Court considers the relevant factors only as to Movant's motion.

### A.  Timely Notification and Filing

Counsel for Plaintiff Jaar published a notice of the instant lawsuit, in accordance with the PSLRA, on April 11, 2024. *See* Dkts. 14, 14-1. Movant timely filed his motion to be appointed lead plaintiff on June 10, 2024. *See* Dkt. 17.

### B.  Largest Financial Interest

"The PSLRA does not specify a method for calculating which plaintiff has the largest financial interest." *In re Fuwei Films Sec. Litig.*, 247 F.R.D. 432, 436 (S.D.N.Y. 2008)

3

(quotation marks omitted).  Courts in the Second Circuit generally consider four factors: "(1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) the total net funds expended during the class period; and (4) the approximate losses suffered." *Id.* at 436-37; *see Pirelli Armstrong Tire Corp. Retiree Med. Benefits Tr. v. LaBranche & Co.*, 229 F.R.D. 395, 404 (S.D.N.Y. 2004) (collecting cases).

At least as of the time of his filing, Movant appears to have the largest financial interest among class members who filed timely applications for appointment as lead plaintiff. Movant alleges that he held "approximately 14,000 shares of Northern Genesis common stock as of the record date of March 18, 2021." Dkt. 18 at 6.  Jaar, who "owned 234 shares of NGA common stock before the close of the Merger" and "acquired a further 15 net shares of [Lion Electric] after the close of the Merger," Dkt. 23 at 5, agrees that this is the largest known financial interest among the movants, Dkt. 25.  So do Volodarsky and Duffy, Dkt. 26, who "held an aggregate 1,900 shares of NGA stock as of March 18, 2021," Dkt. 20 at 6. Therefore, Movant is presumptively the appropriate lead plaintiff, provided that he also meets the requirements of Federal Rule of Civil Procedure ("Rule") 23.  *See, e.g.*, *Zawatsky v. Vroom, Inc.*, No. 21-cv-02477 (PGG), 2021 WL 3498191, at *5 (S.D.N.Y. Aug. 6, 2021).

### C. Rule 23 Requirements

Rule 23 provides that a party may serve as a class representative only if "(1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a).  "[T]ypicality and adequacy of representation are the only provisions [of Rule 23] relevant to the determination of lead

plaintiff under the PSLRA." *Kaplan v. Gelfond*, 240 F.R.D. 88, 94 (S.D.N.Y. 2007) (citation omitted); *see Carpenter*, 631 F. Supp. 3d at 162 (noting that "the moving plaintiff must only make a preliminary showing that the adequacy and typicality requirements have been met" (citation omitted)).

"The typicality requirement 'is satisfied when each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability.'" *Maliarov v. Eros Int'l PLC*, No. 15-cv-08956 (AJN), 2016 WL 1367246, at *6 (S.D.N.Y. Apr. 5, 2016) (quoting *In re Drexel Burnham Lambert Grp., Inc.*, 960 F.2d 285, 291 (2d Cir. 1992)).  "[T]he lead plaintiff's claims need not be identical to the claims of the class to satisfy the preliminary showing of typicality." *Zawatsky*, 2021 WL 3498191, at *6 (brackets, quotation marks, and citation omitted).  Like all members of the purported class here, Movant alleges that "Defendants violated the Exchange Act by issuing false and misleading and failing to disclose material statements about the Company's business." Dkt. 18 at 7. Movant, like the other class members, allegedly voted to approve the merger between NGA and Lion Electric – and forego his redemption rights on his 14,000 shares – in reliance on those misstatements. *See id.* at 3.  Accordingly, Movant has made a preliminary showing of typicality.

"The adequacy requirement is satisfied where: (1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) there is no conflict between the proposed lead plaintiff and the members of the class; and (3) the proposed lead plaintiff has a sufficient interest in the outcome of the case to ensure vigorous advocacy." *City of Monroe Emps.' Ret. Sys. v. Hartford Fin. Servs. Grp., Inc.*, 269 F.R.D. 291, 297 (S.D.N.Y. 2010).  Movant's counsel – The Rosen Law Firm, P.A. – "has prosecuted numerous securities fraud class actions . . . and obtained substantial recoveries on behalf of investors," Dkt. 18 at 8, as

5

demonstrated by the significant relevant cases set forth on the firm's resume.  *See* Dkt. 18-4 at 12-23.  Additionally, Movant has alleged that he owns a significant number of NGA shares "suggesting that [he] will have a strong interest in advocating on behalf of class members."  *Zawatsky*, 2021 WL 3498191, at *6.  No movant has suggested a conflict or unique defense that would make Movant inadequate to represent the class here.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II); *Varghese v. China Shenghuo Pharm. Holdings, Inc.*, 589 F. Supp. 2d 388, 398 (S.D.N.Y. 2008) (lead plaintiff appointed where "the Court is not aware of any unique or potentially prevailing defendants . . . , nor another reason that would make the [presumptive lead plaintiff] unable to fairly and adequately protect the Class").  Accordingly, Movant has made a preliminary showing of adequacy.

For the foregoing reasons, the Court concludes that Movant is the plaintiff "most capable of adequately representing the interest of class members."  15 U.S.C. § 78u-4(a)(3)(B)(i).

## II. Lead Counsel

Under the PSLRA, "[t]he most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class."  *Id.* § 78u-4(a)(3)(B)(v).  "There is a strong presumption in favor of approving a properly-selected lead plaintiff's decisions as to counsel selection."  *Zawatsky*, 2021 WL 3498191, at *6 (quotation marks and citation omitted).  Here, Movant has sought the appointment of the Rosen Law Firm as lead counsel.  Dkt. 18 at 8.  Having reviewed the resume of the firm, the Court finds that it has ample experience in securities class actions and representing injured investors, *see* Dkt. 18-4 at 12-23.  Additionally, several courts in this Circuit have previously found that the firm may adequately serve as lead counsel.  *See Lee Goodman Tr. v. Wheels Up Experience Inc.*, No. 23-cv-02900 (OEM) (VMS), 2023 WL 8631014, at *4 (E.D.N.Y. Dec. 12, 2023) (collecting

cases); *Kasilingam v. Tilray, Inc.*, 20-cv-03459 (PAC), 2020 WL 4530357, at *3 (S.D.N.Y. Aug. 6, 2020). Therefore, the Court approves Movant's choice of counsel.

## CONCLUSION

Accordingly, Movant's unopposed motion is GRANTED. In light of the Court's appointment of lead plaintiff and selection of lead counsel, the initial pre-trial conference scheduled for July 9, 2024 is adjourned. By July 15, 2024, the parties shall submit a joint letter proposing a schedule for filing an amended complaint and briefing on any motion to dismiss. The Clerk of Court is respectfully directed to terminate the motions pending at Dkts. 17, 19, 22, and 28.

Dated: July 1, 2024
New York, New York

SO ORDERED.

*Jennifer Rochon*
JENNIFER L. ROCHON
United States District Judge